## Wytheville

Collier and Others v. Seward and Roper and Others

June 11, 1914.

1. Trusts and Trustees—*Liability of Trustee—Discharge—Interest of Beneficiary—Remainders.*—Where a trustee dies indebted to the trust fund, the fact that he devises all of his property to his wife, who is the life tenant of the fund, and that she devises all of her property in equal portions to her children, who are the remaindermen in the trust fund, does not, as against the creditors of one of the children, extinguish the debt due from the trustee to the trust fund, and a judgment creditor of one of the children may subject the lands devised by the trustee to the payment of his debt to. the extent of the child's interest in the debt due by the trustee. It is immaterial whether the interest of the child was in the first instance a vested or contingent remainder where it appears that at the time of the death of the life tenant, the debt was due from the trustee to the trust estate.

2. Vendor and Purchaser—*Sale by Devisee—Liability for Debts—Notice.*—The rights of a judgment creditor of a legatee and devisee of an estate are not affected by the purchase of his interest in the estate by the other legatees and devisees who are parties to and have full knowledge of the pendency of a suit by the creditor to subject the interest so purchased.

Appeal from a decree of the Husting Court of the city of Petersburg. Decree for the complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Buford, Lewis & Peterson,* for the appellants.

*Wm. B. McIlwaine, Jos. B. Prince* and *Roper & Davis,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellees, Seward and Roper, who were judgment creditors of C. Fisher Collier, brought this suit to subject the latter's interest in a trust estate created by the will of Sarah V. Fisher to the payment of their debt. In the year 1873 the said testatrix departed this life, leaving a will which, among other things, contains the following provisions:

"3rd—I devise and bequeath my whole estate both real and personal which may remain after the payment of my debts and setting apart a sufficient sum to meet the annual charge above mentioned, which charge shall be determined upon the happening of either event named, to my friends, Ro. W. Collier, my son-in-law, and R. H. Wallace, my nephew, and the survivor of them, their and his heirs, executors and administrators or assigns, upon the following trusts, that is to say: Upon trust, to hold one moiety thereof for the sole, separate and exclusive use and benefit of my daughter, Mary Little Collier, the wife of the said Ro. W. Collier for and during her natural life, free from any debt, liability or contract heretofore or hereafter made of her said husband, the said Ro. W. Collier or any other husband she may hereafter have, and upon trust, to hold the other moiety thereof for the sole, separate and exclusive use and benefit of my daughter, Eliza Glanville Fisher, for and during her natural life so as not to be subject in any manner or to any extent to the debts, liabilities, contracts or control of any husband she may at any time have, and, should the rents, interest and profits of the estate devised and bequeathed as aforesaid, in trust for my said daughters respectively, prove at any time sufficient for their comfortable support, I direct the aforesaid trustees, or the survivor of them, to apply so much of the principal as

in their or his judgment may be necessary to that purpose.

"4th—After the death of my said daughters respectively, I give the share of my estate devised and bequeathed as aforesaid in trust for each respectively, or so much of their respective shares as may then remain unconsumed in their support respectively, to their respective child or children then living and the descendants of such as may have previously died, such descendants taking *per stirpes,* and should either or both of my said daughters die leaving no child, nor the descendants of any child surviving her, then and in that case I give the same to such person or persons as she or they respectively shall by last will and testament, or any instrument in writing in the nature of a last will and testament appoint, and in default of such last will and testament or testamentary appointment by either, I desire that her said share shall be held by the said Ro. W. Collier and R. H. Wallace and the survivor of them, in trust, for the use and benefit of the survivor of my said daughters, upon the same trusts as are hereinbefore directed."

In January, 1874, R. W. Collier qualified as sole executor under the will and in October of the next year settled his accounts as such executor before the commissioner of accounts, and elected thereafter to hold the estate as trustee. The estate at that time, as shown by the said settlement, consisted of two parcels of land valued at $6,120 and personal property of the value of $17,700.08. The said Collier as trustee never settled his accounts. In the year 1898, some twenty-four years after he took charge of the property as trustee, he filed a bill in equity, to which he made oath, for the purpose of obtaining authority to sell a small portion of the trust estate, in which he stated that the trust fund in his hands consisted of

the same two parcels of real estate and "about $17,000 invested in notes, bonds and other sucurities."

- The said trustee departed this life in April, 1904, leaving a will by which he gave all of his estate to his widow, one of the beneficiaries under the will of Sarah V. Fisher, and appointing her as his executrix. In December, 1906, Eliza G. Fisher, her sister, the other life beneficiary under the will of Sarah V. Fisher, departed this life unmarried, intestate and without issue. In October, 1909, the appellees, Seward and Roper, recovered their judgment against the said C. Fisher Collier. In March, 1910, Mary L. Collier, the surviving beneficiary under the will of her mother, departed this life leaving a will by which she directed that her estate should be divided equally between her eight children, the appellants in this case, and the said C. Fisher Collier. In April following this bill in this case was filed to which all of the said children of the said Mary L. Collier, deceased, were made parties defendant.

In June of that year C. Fisher Collier, who had become insolvent, filed his petition in bankruptcy in the District Court of the United States for the Eastern District of Virginia, and in November following an order was entered in that court in pursuance of which the trustee in bankruptcy of C. Fisher Collier, in consideration of a release of the claims of the estate of his mother against the said bankrupt, conveyed to the appellants all of the interest which the trustee in bankruptcy had in the estate of their mother. The appellees it seems were not parties to, or given notice of, this sale and conveyance.

It appears from the bill filed by the trustee, Robert W. Collier, in the year 1898, that it had not been necessary for him to use any part of the corpus of the trust estate for the support of the life tenants, and there is nothing in the case to show that after that date until

the death of the said trustee in the year 1904, any portion of the corpus of said trust fund was expended or that it was necessary to expend any part of it for the support of the life tenants. During the progress of this cause the appellants, the children of Mrs. Mary L. Collier other than C. Fisher Collier, offered to purchase the latter's interest in the real estate devised by her to her children in equal proportions, at the price of $3,011.25, with interest from January 19, 1911. This offer was accepted and the money paid into court.

After making certain deductions from the amount ascertained by the commissioner to whom the matter was referred, the trial court was of the opinion that there was due the trust estate from Robert W. Collier, trustee, the sum of $15,252.52 at the time of his death, and that C. Fisher Collier was entitled to one eighth of that sum, with interest, and so decreed. It was further of opinion that the appellees, Seward and Roper, judgment creditors of C. Fisher Collier, were entitled to subject to the lien of their judgment the lands of which the said Robert W. Collier died seized and possessed and now in the possession of the appellants, to the extent of an one-eighth undivided interest therein, and so decreed. From that decree this appeal was allowed.

The appellants insist that the court erred in "holding that their estates are chargeable in favor of creditors of C. Fisher Collier with any portion of the said sum of $15,252.52."

This court is of opinion that upon the case made the trial court did not err in holding that Robert W. Collier, trustee, was at the time of his death indebted to the trust fund in the sum of $15,252.52. The court is further of opinion that the devise by Robert W. Collier of all of his estate to his widow and the devise by her of all of her estate to her children in equal proportions, did not, as

against the creditors of C. Fisher Collier, extingush the debt due from said Robert W. Collier. The court is further of opinion that it is wholly immaterial, for the purpose of this suit, whether the remaindermen in the trust estate took a contingent or a vested remainder interest therein, since it appears that at the time of the death of the life tenants the said sum of $15,252.52 was due to the trust estate from the said trustee. This being so, the said C. Fisher Collier's interest in that fund was liable for and could be subjected to the payment of his debts.

The court is further of opinion that the purchase by the appellants from the trustee in bankruptcy of C. Fisher Collier's interest in his mother's estate did not affect the right of the appellees, Seward and Roper, judgment creditors of C. Fisher Collier, to subject the lands of which Robert W. Collier died seized and possessed to their judgment. At the time of the said purchase by the appellants they were parties to this suit and had full knowledge of its object, and they could not by any contract or agreement with the said trustee in bankruptcy to which Seward and Roper were not parties affect the latter's rights.

Upon the whole case the court is of opinion that there is no error in the decree complained of to the prejudice of the appellants, and that it must be affirmed.

*Affirmed.*